IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LARRY LLOYD,

Petitioner,

v.

No. 02-2635 Ma/V

UNITED STATES OF AMERICA,

Respondent.

ORDER DENYING PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On October 17, 2000, Petitioner was charged in a two-count indictment for 1) possession with intent to distribute three pounds of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and 2) use of a firearm during and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On March 7, 2001, pursuant to a plea agreement, Petitioner pleaded guilty to Count 1 of the indictment. The plea agreement provided that the United States ("the government") would dismiss Count 2 of the indictment and would not use any self-incriminating information provided by Petitioner to enhance his sentence or to bring any additional criminal charges. The plea agreement further provided that Petitioner had not been promised a specific sentence and that the

sentence would be calculated by the court according the United States Sentencing Guidelines.

After Petitioner pleaded guilty to Count One, the court sentenced him below the guideline range and below the statutory minimum. The court, however, assessed a two-point enhancement for possession of a firearm, the substantive allegation of Count 2, under Section 2D1.1(b)(1) of the Sentencing Guidelines. Petitioner claims that this assessment violated his plea agreement and was based on facts that had not been found by a jury beyond a reasonable doubt. Although the claim is disputed, Petitioner avers that he specifically requested that his attorney file an appeal of the sentence enhancement and that his attorney denied the request and advised Petitioner that he had no appellate rights. Petitioner brings the instant action under 28 U.S.C. § 2255 based, in part, on the alleged ineffective assistance of counsel under the Sixth Amendment.

"The failure to perfect a direct appeal, in derogation of a defendant's actual request, is a _per se_ violation of the Sixth Amendment," regardless of whether or not the appeal would have been successful. _Ludwig v. United States_, 162 F.3d 456, 459 (6th Cir. 1998)(deciding motion to vacate under 28 U.S.C. § 2255). In such situations, a claimant is not required to make the normal showing of deficient performance and prejudice to state a claim of ineffective assistance of counsel under the Sixth Amendment. _Id._

2

When an appeal has been denied in such a manner, the proper relief is to grant the defendant a delayed appeal. See id.

A critical element in this analysis, however, is the actual request for an appeal on the part of the defendant. Id. "The Constitution does not require lawyers to advise their clients of the right to an appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." Id. Petitioner alleges that he "discussed the firearm enhancement and specifically requested (in the presence of witnesses), that counsel file an appeal of the enhancement application." (Petition at 4.) He has not, however, sworn to this statement under penalty of perjury, nor has he offered any other evidence supporting his contention. The government submits the sworn affidavit of attorney Larry Copeland, stating that he represented Petitioner in the underlying criminal proceeding and that "[a]t no time, did Larry Lloyd or anyone else ask me to file a notice of appeal on Larry Lloyd's behalf in Case No. 00-20200(G)." (Copeland Aff. ¶ 3.) Thus, before the court is credible evidence that Petitioner never actually requested that his attorney file an appeal on his behalf, with no countervailing evidence other than Petitioner's unsworn allegations. Petitioner, therefore, has not established a per se Sixth Amendment violation.

Because Petitioner has not established per se ineffective assistance of counsel, he must show that "counsel's performance was

3

deficient and that the deficient performance was prejudicial." Ratliff v. United States, 999 F.2d 1023, 1026 (6th Cir. 1993)(citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Petitioner claims that his sentence was erroneous for two reasons: 1) the weapons enhancement violated his plea agreement, and 2) the weapons enhancement was based on facts not found by a jury beyond a reasonable doubt. Petitioner cannot establish that failure to object or to appeal the enhancement was erroneous or prejudicial in either respect.

Plaintiff's contention notwithstanding, the court can locate no provision in the plea agreement that prohibits the government from introducing evidence that Petitioner possessed a gun during his drug-trafficking offense. The government agreed to dismiss Count 2 (the firearm charge), which it did. The plea agreement states that "[b]oth parties understand and acknowledge that the sentence in this matter will be calculated pursuant to the United States Sentencing Guidelines Manual." (¶ 2.) The agreement further provides that "to the extent that it was unknown to the government, any self-incriminating information provided by [Petitioner] pursuant to [a prior Proffer Agreement] will not be used to enhance the applicable guideline sentencing range ...." (Id.) Petitioner has not alleged or shown that the evidence used to support the weapons enhancement was either self-incriminating or unknown to the government when the plea agreement was signed. Thus, the weapons

4

enhancement did not violate the plea agreement.

Likewise, counsel's alleged failure to object or to appeal on the ground that the enhancement violated Petitioner's Sixth Amendment right to a trial by jury was neither erroneous nor prejudicial. Because the time within which Petitioner could have filed an appeal has long expired, his conviction is final. See Fed. R. App. P. 4(b)(1)(A); Sanchez-Castellano v. U.S., 358 F.3d 424, (6th Cir. 2004)(holding that, for purposes of 28 U.S.C. § 2255, an unappealed district court conviction becomes final ten days after entry of judgment). At the time of Petitioner's sentencing, U.S. v. Booker, - U.S. -, 125 S. Ct. 738 (2005) had not yet been decided, and the Sixth Circuit has expressly held that Booker does not apply retroactively. See Humphress v. U.S., 398 F.3d 860, 862-63 (6th Cir. 2005). Thus, Petitioner cannot show that, at the time of his sentencing, a failure to file a Booker objection constituted an error of constitutional magnitude on the part of his counsel, or that an objection on that ground would have been successful at the appellate level. See U.S. v. Koch, 383 F.3d 436 (6th Cir. 2004).

For the foregoing reasons, the petition is DENIED without prejudice.

So ORDERED this 10th day of June 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 23 in case 2:02-CV-02635 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

---

Scott F. Leary
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Larry Lloyd
FMC-FORT WORTH
02787-196
3150 Horton Road
Fort Worth, TX 76119--599

J. Charles Wilson
P.O. Box 9974
Mobile, AL 36691

Honorable Samuel Mays
US DISTRICT COURT